1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENNY HAMMONS, | Case No. 3:19-cv-00063-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| DONTE, | |
| Defendant. | |

*Pro se* plaintiff Benny Hammons ("Hammons") initiated this case under 42 U.S.C. § 1983 by filing a completed application to proceed *in forma pauperis* on February 5, 2019. Hammons moved for appointment of counsel on February 26, 2021 (ECF No. 31), and on April 15, 2021, the Court denied Plaintiff's motion. (ECF No. 35.) Since that time, Hammons and Defendant Michael Dante[1] ("Dante"), participated in a virtual settlement conference and did not negotiate a settlement. (ECF No. 53.) Anticipating that Hammons will be required to articulate his claims at a jury trial, which is currently scheduled for November 14, 2022, the Court now finds that extraordinary circumstances exist which merit appointment of counsel in this case.

Hammons alleges that Dante, who was a correctional officer at Southern Desert Correctional Center, struck Hammons with a riot stick on the head, which knocked Hammons unconscious, and while he was unconscious Dante permitted a gang of other inmates to stab Hammons repeatedly, causing severe injuries. (ECF No. 3 ("First Amended Complaint").) Hammons set forth claims under 42 U.S.C. § 1983 for excessive force and failure to protect in violation of the Eighth Amendment, as well as a Due Process claim for the subsequent denial of the

---

[1] The Court understands that Defendant's name is Michael Dante, not Donte. The Court will refer to Defendant as Dante and will order that the CM/ECF database be corrected to list "Michael Dante, *et al.*" as Defendants and that future case captions contain this information.

grievance that he filed after the incident. In a screening order, the Court allowed Hammons's Eighth Amendment claims to proceed but dismissed with prejudice Hammons's Due Process claim. (ECF No. 4.) The Court on April 15, 2021, adopted in full the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 34) recommending the denial of Dante's motion for summary judgment and Hammons's motion for appointment of counsel. (ECF No. 35.) That order concluded that "exceptional circumstances" did not exist to merit appointment of counsel under 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In light of changed circumstances, specifically Hammons's imminent jury trial and claims, the Court finds that exceptional circumstances now justify the appointment of counsel. To determine whether exceptional circumstances exist, a court must consider: (1) the likelihood of success on the merits; and (2) the ability of the petitioner to articulate their claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970. Looking at Hammons's Eighth Amendment claims of excessive force and failure to protect, it is clear from the summary judgment proceedings that Dante's mental state will be an important issue of fact for trial. Such state of mind issues increase the complexity for the *pro se* plaintiff. *See Walker v. Price*, 900 F.3d 933, 939 (7th Cir. 2018) (citing *Bracey v. Grondlin*, 712 F.3d 1012, 1017 (7th Cir. 2013) and *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010)).

While Hammons ably represented himself during the initial phases of this case, trying his case to a jury is a significantly more complex undertaking. Because many claims do not survive pretrial motions or settle, the experience of taking a claim through jury trial is not part of the "difficulties which any litigant would have in proceeding pro se[.]" *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). Courts recognize that appointment of counsel at a jury trial may be justified even if the court declined to appoint counsel earlier in the case.

*See Walker*, 900 F.3d at 939-42 (district court erred in denying prisoner's pretrial request for counsel at his jury trial). The assistance of counsel becomes increasingly important as litigation enters its later stages and the tasks become more complex. *Perez v. Fenolgio*, 792 F.3d 768, 785 (7th Cir. 2015) ("Taking depositions, conducting witness examinations, applying the rules of evidence, and making opening statements are beyond the ability of most pro se litigants to successfully carry out.") So, while a *pro se* plaintiff may be able to adequately articulate their claims on paper at the pretrial stage, presentation of evidence at trial requires greater knowledge of legal rules and procedures as well as increased technical skills in public speaking and presentation. Appointed counsel also can assist the court in handling the trial "more efficiently and effectively." *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000) (per curiam).

For these reasons, the Court finds that extraordinary circumstances now exist which merit the appointment of counsel for Hammons. As such, the Court will appoint pro bono counsel to represent Plaintiff in 30 days unless Hammons declares his desire that the Court not appoint counsel.

It is therefore ordered that on September 15, 2022, this case be referred to the Pro Bono Program for appointment of counsel for the purposes identified herein, unless Plaintiff notifies the Court that he does not desire appointment of counsel.

It is further ordered that Plaintiff shall have until September 14, 2022, to notify the Court if he does not desire appointment of counsel.

It is further ordered that the Clerk forward this order to the Pro Bono Liaison.

It is further ordered that CM/ECF be corrected to list "Michael Dante" as a Defendant and "Michael Dante, *et al.*" in the case caption for Defendants.

It is further ordered that future case captions for filings in this case list "Michael Dante, *et al.*" as Defendants.

1

2    DATED THIS 16th day of August 2022.

3

4

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE